UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BROWN,

           Petitioner,           Case Number: 03-72225

v.                                 HONORABLE ARTHUR J. TARNOW

JOHN CASON,

           Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

Petitioner James Brown, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On March 12, 2004, the Court issued an Opinion and Order Granting Respondent's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus. Now before the Court is Petitioner's Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(1), (3) & (6).

Petitioner claims that he should be granted relief from judgment because this Court erred in dismissing his petition as untimely. Petitioner argues that the Court's decision incorrectly stated that the Michigan Court of Appeals' August 12, 1998 decision was a denial of Petitioner's application for leave to appeal, and that Respondent made the same incorrect assertion in his Motion for Summary Judgment. Petitioner maintains that the August 12, 1998 decision, instead, was a denial of several miscellaneous motions, and that his application for leave to appeal is still pending in the Michigan Court of Appeals.

Brown v. Cason, No. 03-72225

Petitioner claims that he should be granted relief from judgment under Federal Rule of Civil Procedure 60(b)(1) & (3). Rule 60(b)(1) provides that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under Rule 60(b)(3), the court may grant relief from judgment for "fraud . . . misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). A one-year limitations period applies to motions filed pursuant to Rule 60(b)(1) & (3). Petitioner failed to file his motion within one year after the Court denied his motion for reconsideration of the order granting Respondent's motion for summary judgment. Thus, his request for relief under Rules 60(b)(1) & (3) is untimely.

Petitioner also seeks relief from judgment under Rule 60(b)(6). Relief pursuant to Fed. R. Civ. P. 60(b)(6) is warranted only in "exceptional or extraordinary circumstances, which are not addressed by the first five numbered clauses of the Rule." Hopper v. Euclid Manor Nursing Home, 867 F.2d 291, 294 (6th Cir. 1989). A party may not use a Rule 60(b)(6) motion to circumvent the time limitations imposed on other provisions of the Rule. Ackerman v. U.S., 340 U.S. 193, 198 (1950). It is clear that the bases for Petitioner's motion are mistake and misrepresentation. These reasons fall under Rule 60(b)(1) and (3). The motion is untimely under those subsections. "[I]t is settled that an appellant cannot circumvent the one year limitation by invoking the residual clause (6)." Smith v. Sec'y of Health and Human Services, 776 F.2d 1330, 1333 (1985). Therefore, Rule 60(b)(6) relief is not available to Petitioner.

2

Brown v. Cason, No. 03-72225

Moreover, even if Rule 60(b)(6) relief were available to Petitioner, he has not shown that he is entitled to such relief. Petitioner's one-year limitation period commenced on April 24, 1996, when the AEDPA[1] became effective. The one-year limitation period continued to run until April 22, 1997, when Petitioner filed his motion for relief from judgment in the trial court. The filing of the motion for relief from judgment, a properly filed application for state collateral review, tolled the limitations period with two days remaining. The Court found that the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal on August 12, 1998, "for failure to pursue in conformity with the rules." People v. Brown, No. 210477 (Mich. Ct. App. Aug. 12, 1998). That dismissal was without prejudice "to whatever relief may be available consistent with the court rules." Id. On May 10, 2000, Petitioner attempted to file a motion for superintending control in the Michigan Supreme Court. That motion was rejected for filing because it was filed beyond the applicable 56-day limitations period. Consequently, Petitioner's application for leave to appeal to the Michigan Supreme Court was not a "properly filed" application that would toll the one-year limitations period. See Artuz v. Bennett, 121 S. Ct. 361, 363-64 (2000) (holding that an application is filed when it "is delivered to, and accepted by, the appropriate court officer for placement in the official record"); see also, Smith v. Beightler, 49 Fed. Appx. 579, 580 (6th Cir. Oct.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214.

Brown v. Cason, No. 03-72225

24, 2002) (holding that motion which was rejected as untimely cannot be found to be properly filed for tolling purposes).

Thus, the limitations period, of which two days remained, resumed running when the 56-day limitations period expired on October 7, 1998. Petitioner sought no other relief in state court until he filed a second motion for relief from judgment in the trial court on January 29, 2001, well over two years after the limitations period expired.

Petitioner argues that the August 12, 1998 decision did not address his application for leave to appeal the trial court's denial of his first motion for relief from judgment, and that the application has yet to be decided by the Michigan Court of Appeals. The limitations period, according to Petitioner, therefore, has not yet resumed running. Petitioner argues that the Michigan Court of Appeals' decision dismissing his case "for failure to pursue in conformity with the rules," People v. Brown, No. 210447 (Mich. Ct. App. Aug. 12, 1998), addresses only various motions filed in the Court of Appeals, and does not address his application for leave to appeal which, he presumes, must have been lost by the clerk of court. Therefore, according to Petitioner, this application is still pending in the Michigan Court of Appeals. In support of this theory, Petitioner attaches a Michigan Department of Corrections Disbursement Authorization, showing that $7.45 was withdrawn from his prisoner account on March 23, 1998, for postage and return receipt fees. However, the Disbursement Authorization does not identify the mail being sent. And, in any event, fails to show that the Michigan Court of Appeals' Order did not

4

Brown v. Cason, No. 03-72225

address his application for leave to appeal.

Even if his application for leave to appeal was lost, and the Court tolls the limitations period, of which two days remained, during the time when Petitioner was unaware that his application was lost, the petition is still not timely. Petitioner was informed by the Michigan Supreme Court that no appeals were pending before the Michigan Court of Appeals by letter dated May 23, 2000. Nevertheless, he waited eight months to file his second motion for relief from judgment. Proceedings on that motion for relief from judgment were completed when the time for seeking Supreme Court review of the Michigan Supreme Court's denial of leave to appeal expired on October 27, 2002. Petitioner filed his habeas corpus petition over seven months later on June 2, 2003, well beyond the one-year limitations period. Thus, Petitioner has failed to show that the Court erred in holding his petition untimely.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Relief from Judgment is **DENIED.**

                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
                                        United States District Judge

Dated: September 22, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2005, by electronic and/or ordinary mail.

                                        s/Catherine A. Pickles
                                        Judicial Secretary